# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

#### No. 553
#### WINKLER v. REED

Ohio Appeals. 5th District. Knox County.
No. 186. Decided Oct. 25, 1923.

1063 SALES.—1. Words of check held not to constitute a receipt in full, where the only words used were "for all timber."

2. Wheree buyer does not offer to rescind within a reasonable time no recission is possible.

3. Verdict held not mainfestly against weight of evidence.

This was an action by Winkler to recover $600 damage for alleged failure on the part of one Reed to permit plaintiff to take and carry away from the premises of the defendant certain timber and logs which plaintiff contends were purchased for the sum of $300 and fully paid for. The defendant claimed that the purchase price was $350 and that there was a balance due him of $50.00. It appeared that the plaintiff sent a check to the defendant upon which there was written the following words: "For all timber down in woods and cornffeld 12 inches in diameter and up."

Immediately upon receipt of this check defendant wrote the plaintiff that there was still $50 due. Three days later the defendant cashed the check for $300. One month later Winkler wrote Reed that if he did not want the $300 to mail him back the money and keep the timber. This was not done by the defendant. The plaintiff contended that as the defendant did not rescind the contract and send back the money he could not recover the $50, even assuming that the same was due. A jury returned a verdict for defendant in the sum of $50. Plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. It cannot be said as a matter of law that the words "for all timber" meant a receipt in full.

2. As the buyer did not offer to rescind within a reasonable length of time, the seller was not bound to follow the instructions of the buyer in this regard.

3. It cannot be said as a matter of law that the verdict of the jury was manifestly against the weight of the evidence.

Attorneys:—C. B. Hines, for Winkler; F. L. Levering, for Reed. Both of Mt. Vernon.

#### No. 554
#### FETTERMAN v. BOARD OF ED. OF CLEVE. HTS.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5030. Decided Oct. 29, 1923

681. JURISDICTION — In injunction or equitable relief cases necessarily gives court jurisdiction in chancery cases.

158. BOARD OF EDUCATION—Under interpretation of 7620 GC. may pass resolutions authorizing it to publish survey of school system.

SULLIVAN, J.

This case was instituted in the Common Pleas by Hyman Fetterman against the Board of Education of the Cleveland Heights School District. Fetterman predicated his action on that fact that the Board of Education was preparing to publish and circulate among the electorate and all those concerned, a survey of the school system of the School District. He claimed that this publication would entail the expenditure of $1100 and in the original action sought to restrain the Board of Education from following its proposed line of action. Upn hearing, a permanent injunctin was issued and the Board was restrained from publishing the survey.

The case was taken up on appeal and Fetterman filed a motion to dismiss the case, urging that the Court of Appeals had no jurisdiction to try the cause, for the reason that the pleadings did not raise an issue in chancery.

1. An action for injunction or equitable relief, is a chancery case; and the case at bar being an action of that nature, this court has jurisdiction to hear and determine the cause, and motion to dismiss for want of jurisdiction is overruled.

2. Under 7620 GC. the Board of Education may "make necessary provisions for schools under its control" and "make all other provisions necessary for the convenience and prosperity of the schools within the sub-districts."

3. By a fair and reasonable interpretation of the above statute, the authority exercised by the Board in the case at bar is logically implied from the language of the statute.

Attorneys—A. F. Counts, for Fetterman; Kerruish, Kerruish, Hartshorn & Spooner, for Board; all of Cleveland.